**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 17-52787 |
| Lonnie Muncy | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | Judge Hoffman |

**RESPONSE OF CREDITOR STATE OF OHIO DEPARTMENT OF**
**TAXATION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN ON REAL**
**PROPERTY PURSUANT TO 11 U.S.C. 522(f)(1)(A) [Doc. 12]**

Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor, the State of Ohio Department of Taxation ("DOT"), and responds to Debtor's Motion to avoid its lien pursuant to 11 U.S.C. 522(f)(1)(A). For the reasons described more fully in the accompanying Memorandum in Support, the Debtor's Motion should be denied.

                                            Respectfully Submitted,
                                            Mike DeWine
                                            Attorney General of Ohio

                                            /s/ Erin M. Dooley
                                            Charles A. Mifsud (0070498)
                                            Special Counsel to the Attorney General
                                            Brian M. Gianangeli (0072028)
                                            Erin M. Dooley (0089092)
                                            THE LAW OFFICE OF CHARLES MIFSUD, LLC
                                            6305 Emerald Parkway
                                            Dublin, Ohio  43016
                                            Telephone:  (614) 389-6357
                                            Facsimile:  (614) 389-2294
                                            Attorneys for State of Ohio,
                                            Department of Taxation

## MEMORANDUM IN SUPPORT

On June 8, 2017, Debtor filed his Motion seeking to avoid a lien filed by DOT against Debtor's property. The Motion seeks to avoid a lien filed by DOT on November 28, 1998 in the Franklin County Common Pleas Court. The Motion fails to provide a case number for the lien that it seeks to avoid. DOT has not been able to locate a lien that matches the alleged lien ("lien") described in the Motion. Notwithstanding the lien case number, the Motion seeks to avoid a statutory lien. DOT now responds to such motion and asks that it be denied to the extent that Debtor seeks to avoid a statutory lien not subject to avoidance under 11 U.S.C. 522(f)(1)(A).

In general, three types of liens are recognized by the bankruptcy code: judicial liens, security interests and statutory liens. In re Ramsey, 89 B.R. 680, 681 (S.D. Ohio Bankr. 1988). A judicial lien is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding," while a statutory lien is one "arising solely by force of a statute on specified circumstances or conditions…." 11 U.S.C. 101(36) and 101(53). Under 11 U.S.C. 522(f)(1)(A), Debtors are permitted to avoid only judicial liens. In re Weaver, 248 B.R. 106, 111 (N.D. Ohio Bankr. 2000).

DOT is the holder of the following tax liens filed against Debtor: Case No. 12 JG 034878 filed on September 19, 2012 with the Franklin County Clerk of Courts and 12 JG 034999 filed on September 19, 2012 with the Franklin County Clerk of Courts. The liens arose as a result of unpaid commercial activity tax assessments owed by Debtor. Pursuant to R.C. 5751.09(A), once an assessment for commercial activity tax becomes final, the tax commissioner can file the assessment with the clerk of courts for the county where the debtor resides, and such assessment gains the force and effect of a judgment thereby creating a lien on real property as would any certificate of judgment. However, unlike a normal certificate of judgment, these liens are not obtained through

any judicial proceeding. The liens arise solely by force of R.C. 5739.13(C), and no judicial action or involvement is required.

The statutory nature of liens such as these has been addressed by courts before. For example, in In re Schick, 308 B.R. 189 (D. N.J. 2004), the court considered whether the lien of the New Jersey Motor Vehicle Commission could be avoided by a chapter 13 debtor under 11 U.S.C. 522(f)(1)(A). The lien at issue resulted from unpaid motor vehicle surcharges. New Jersey law permitted the Commission to file a certificate in the office of the clerk of the superior courts stating the amount and nature of the debt. Schick, 308 B.R. at 192. The certificate was recorded as a judgment and had the same force and effect as a judgment allowing it to be executed upon and creating a lien on real property. Id. at 192-93. Despite the fact that the certificate was recorded as a judgment and could act as a judgment, the court held that the lien created was statutory and could not be avoided under 11 U.S.C. 522(f)(1)(A):

> the surcharge statute automatically confers to the [Commission] the right to recover unpaid motor vehicle surcharges upon the docketing of the judgment by the Clerk of the Court. Although the statute does not specifically use the word "lien," no judicial action is necessary for entry of the [Commission's] judgment granted under the statute and the consequent creation of a lien by the recording of that judgment. Furthermore, the mere ministerial act of recording the judgment does not change the fact that the right to recovery arises solely by force of the surcharge statute. *The nature of the lien held by the [Commission] is a creature of statute and not one born out of any judicial process or proceeding*…Accordingly, the Court concludes that because the [Commission's] lien arises by force of the surcharge statute, the [Commission's] lien is statutory under 11 U.S.C. § 101(53), and thus cannot be avoided under section 522(f).

[Id. at 195 (emphasis added).]

See also In re Mozingo, 234 B.R. 867, 871 (E.D. PA 1999) (lien of state unemployment bureau for benefit overpayments recorded with county prothonotary, indexed as a judgment and capable of execution held to arise solely by force of statute not subject to avoidance under 11 U.S.C. 522(f)(A)(1)).

3

So too here.  The liens of DOT, while recorded with the clerk of courts as judgments, arise solely by force of statute without any judicial intervention.  Thus, the liens are statutory liens and are not subject to avoidance under 11 U.S.C. 522(f)(1)(A).

WHEREFORE, for the foregoing reasons, DOT asks that this Court deny Debtor's motion to avoid the alleged lien of DOT filed on November 28, 1998 with the Franklin County Clerk of Courts, as well as Case No. 12 JG 034878 filed on September 19, 2012 with the Franklin County Clerk of Courts and Case No. 12 JG 034999 filed on September 19, 2012 with the Franklin County Clerk of Courts.

    Respectfully Submitted,
    Mike DeWine
    Attorney General of Ohio

    /s/ Erin M. Dooley
    Charles A. Mifsud (0070498)
    Special Counsel to the Attorney General
    Brian M. Gianangeli (0072028)
    Erin M. Dooley (0089092)
    THE LAW OFFICE OF CHARLES MIFSUD, LLC
    6305 Emerald Parkway
    Dublin, Ohio  43016
    Telephone:  (614) 389-6357
    Facsimile:  (614) 389-2294
    Attorneys for State of Ohio,
    Department of Taxation

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served electronically through the Court's ECF system at the email address registered with the Court on the 29th day of June, 2017 upon:

>Office of the US Trustee
>170 North High Street
>Suite 200
>Columbus, OH 43215
>
>Larry J McClatchey
>65 East State Street
>Suite 1800
>Columbus, OH 43215
>
>Ric Daniell
>1660 N.W. Professional Plaza
>Suite A
>Columbus, OH 43220

I certify that a copy of the foregoing was served by U.S. mail, postage prepaid, on the 29th day of June, 2017 upon:

>Lonnie Muncy
>2350 McComb Road
>Grove City, OH 43123

>/s/ Erin M. Dooley
>Erin M. Dooley (0089092)